**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2004 OCT 20 P 2: 29

CLERK_____
_____ OF GA.

CV 204 - 1 4 6

| | | |
|---|---|---|
| PAUL L. GRIFFIN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| -VS- | * | |
| | * | **CIVIL ACTION FILE NO.:** _____ |
| CITY OF BRUNSWICK, GEORGIA | * | |
| and SENTINEL OFFENDER, | * | |
| SERVICES, LLC, | * | |
| | * | |
| Defendants. | * | |

## COMPLAINT FOR DAMAGES

**PAUL L. GRIFFIN**, Plaintiff in the above-styled action, files this his Complaint for Damages and for compensatory and punitive damages against the Defendants, **CITY OF BRUNSWICK, GEORGIA and SENTINEL OFFENDER SERVICES, LLC**.

### I.   INTRODUCTION

-1-

Plaintiff **PAUL L. GRIFFIN**, bring this action against Defendants, **CITY OF BRUNSWICK, GEORGIA and SENTINEL OFFENDER SERVICES, LLC** to compensate him for damages and injuries suffered from violation of his constitutional and civil rights under color of state law by Defendants and to punish the appropriate Defendants, for this wrong against **PAUL L. GRIFFIN** such that it will deter the appropriate Defendants from subjecting others to such wrongful and egregious conduct.

-2-

Mr. Griffin brings this action under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

-3-

Mr. Griffin seeks damages for violation of his rights protected by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1986 and false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law. Georgia law.

-4-

Mr. Griffin demands a trial by jury.

## II.   JURISDICTION

-5-

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through Four (4) herein through this specific reference

-6-

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because this is a case brought pursuant to the Constitution, laws or treaties of the United States; and pursuant to 28 U.S.C. § 1343 (a) (1) and (3) because this is an action brought to redress injuries to Mr. Griffin's person and property and the deprivation, under color of Georgia law, statutes ordinances, regulations, customs or usages of rights, privileges or immunities secured by the Constitution of the United States, or by

any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction
of the United States.

### III.   VENUE

#### -7-

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through Six (6) herein
through this specific reference.

#### -8-

Venue is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1391.

#### -9-

Defendant City resides in this judicial district while Defendant Sentinel, a Delaware
corporation, does or did business at all relevant times in this judicial district.

#### -10-

The incidents and injuries suffered by Mr. Griffin occurred in this judicial district.

#### -11-

At all time herein, Mr. Griffin has resided in Brunswick, Glynn County, Georgia in the
Brunswick Division of the United States District Court for the Southern District o Georgia. 28
U.S.C. § 90(c)(5).

#### -12-

Defendant City is a municipal government located in the Brunswick Division of the United
States District Court for the Southern District of Georgia.

**-13-**

Defendant Sentinel, a foreign corporation and a private probation supervision company, has or has had a contract with Defendant City, during the relevant times in this Complaint, to provide the delegated governmental function of probation supervision to persons placed on probation by Defendant City for criminal offenses.

## IV.   PARTIES

**-14-**

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through Thirteen (13) herein through this specific reference.

**-15-**

At all times herein, Mr. Griffin has resided in Brunswick, Glynn County, Georgia which lies in the Brunswick Division of the United States District Court for the Southern District of Georgia, subject to the jurisdiction of this Court.

**-16-**

Defendant City is a municipal government located in the Brunswick Division of the United States District Court for the Southern District of Georgia and is subject to the jurisdiction of this Court.

**-17-**

Defendant City was at all relevant times the policy maker for the criminal justice system of Defendant City and had a contract with Defendant Sentinel to provide probation supervision of persons under the probation authority of Defendant City.

-18-

Defendant City was at all relevant times ultimately responsible for the power delegated to Defendant Sentinel.

-19-

Defendant Sentinel City is a foreign corporation and a private probation supervision company doing business in the Brunswick Division of the United States District Court for the Southern District of Georgia and is subject to the jurisdiction of this Court.

-20-

Defendant City was at all relevant times the policy maker for the criminal justice system of Defendant City and had a contract with Defendant Sentinel to provide probation supervision of persons under the probation authority of Defendant City.

-21-

Defendants acted in conspiracy with each other.

-22-

At all relevant times  Defendants acted under color of Georgia law, statutes, ordinances, regulations, customs or usages to deprive Mr. Griffin of rights, privileges or immunities secured to him by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

-23-

The acts and omissions of the Defendants hereinafter described violated Mr. Griffin's right to due process.

## V.  STATEMENT OF THE FACTS

### -24-

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through Twenty-three (23) herein through this specific reference.

### -25-

On or about October 29, 2003, law enforcement authorities arrested Mr. Griffin on a probation warrant issued on August 1, 2002 for Mr. Griffin's alleged failure to report, pay his fees, and perform community service in *City of Brunswick v. Paul Griffin*, **Case No.: 0010808, Docket Nos.: 00061830-00061832**. Exhibit "A."

### -26-

The Glynn County Detention Center held Mr. Griffin on a hold placed by Defendants.

### -27-

The Glynn County Detention Center released Mr. Griffin on October 30, 2003 after he paid $1,683.00, allegedly for past due probation financial obligations. Exhibit "A, and B."

### -28-

Defendant Sentinel petitioned Defendant's Municipal Court for the probation warrant against Mr. Griffin. Exhibit "A."

### -29-

Defendant Sentinel, during all relevant times has maintained a contract with the City of Brunswick to provide probation services.

-30-

The Brunswick Municipal Court adjudicated Mr. Griffin guilty of driving under the influence on January 3, 2001 in *City of Brunswick v. Paul Griffin*, **Case No.: 0010808, Docket No.: 00061830-32**. Exhibit "C."

-31-

The Brunswick Municipal Court sentenced Mr. Griffin to twelve (12) months probation, a $1,025.00 fine, five (5) days in jail, and 80 hours of community service.   Exhibit "C."

-32-

The Brunswick Municipal Court adjudicated Mr. Griffin guilty of driving while license suspended on January 3, 2001 in *City of Brunswick v. Paul Griffin*, **Case No.: 0010808, Docket No.: 00061831**.

-33-

The Brunswick Municipal Court sentenced Mr. Griffin to a $680.00 fine.  Exhibit "D."

-34-

The Brunswick Municipal Court adjudicated Mr. Griffin guilty of running a red light on January 3, 2001 in *City of Brunswick v. Paul Griffin*, **Case No.: 0010808, Docket No.: 00061832**. Exhibit "E."

-35-

The Court sentenced Mr. Griffin to a $108.05 fine.  Exhibit "E."

-36-

On November 27, 2001, the Brunswick Municipal Court issued a probation warrant  for Mr. Griffin's alleged failure to report, pay his fees, and perform community service in *City of Brunswick v. Paul Griffin*, **Case No.: 0010808, Docket Nos.: 00061830-00061832**. Exhibit "F."

-37-

On or about February 27, 2002, law enforcement authorities arrested Mr. Griffin on this Probation Warrant.

-38-

The Glynn Detention Center released Mr. Griffin on March 13, 2002 after he paid the money Defendant Sentinel alleged that he owed.

-39-

As of November 27, 2001, the date of the first probation warrant, Mr. Griffin had served ten (10) months and twenty-four (24) days of the twelve month probated sentence.

-40-

Therefore, Mr. Griffin had one (1) month and seven (7) days left on probation.

-41-

The probated sentence began running again upon Mr. Griffin's February 27, 2002 arrest.

-42-

Therefore Mr. Griffin's probation ended on April 3, 2002.

-43-

In a probation revocation hearing on March 6, 2002, the Brunswick Municipal Court revoked fourteen (14) days of Mr. Griffin's probation and extended his probation four (4) months which "[gave] him a new end date of August 3, 2002." Exhibit "G."

-44-

The Court had no authority to extend the probation beyond the original twelve (12) month sentence beyond April 3, 2002.

-45-

On November 5, 2003, the Brunswick Municipal Court, again at the behest of Sentinel, summoned Mr. Griffin to court for a probation termination hearing.

-46-

At the hearing, Defendant Sentinel asked the Brunswick Municipal Court to terminate Mr. Griffin's probation.

-47-

The Court granted that request.

-48-

Amazingly, despite the overwhelming evidence to the contrary, both Defendants still considered Mr. Griffin on probation.

-49-

Mr. Griffin reported to Defendant Sentinel during the months of March, April, May, and June 2002.

-50-

Defendant Sentinel sought and received a second probation warrant against Mr. Griffin on August 1, 2002, three (3) months and twenty-nine (29) days **AFTER** Mr. Griffin's probation ended. Exhibit "A."

-51-

The Court again tolled the probation.   Exhibit "A."

-52-

Therefore, when the Brunswick Police arrested Mr. Griffin on October 29, 2003, Mr. Griffin'

probation had ended one (1) year, two (2) months and twenty-eight (28) days earlier.

-53-

Mr. Griffin's probation ended on April 3, 2002.

-54-

Once Mr. Griffin's sentence ended, neither Defendant Sentinel nor Defendant City had any

power to enforce or extend the sentence beyond its ending date.

-55-

Additionally, once April 3, 2002 arrived, no one including Defendant City or Defendant

Sentinel had any authority to collect any money from Mr. Griffin or commit him to any jail.

-56-

Defendants essentially held Mr. Griffin until he paid the money demanded by Defendants.

-57-

These acts by Defendants, caused Mr. Griffin to suffer grievous harm from his illegal and

unconstitutional arrest, seizure, and incarceration.

-58-

At all relevant times of this action, Defendant Sentinel served as an officer of the Brunswick

Municipal Court.

## V. CLAIMS FOR RELIEF

### -59-

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through Fifty-nine (59) herein through this specific reference

### -60-

Mr. Griffin is a person protected under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1986 and false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

### -61-

All Defendants acted under color of state law at all times relevant to the incidents of this Complaint.

## COUNT I

## VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

### -62-

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through sixty-one (61) herein through this specific reference.

### -63-

Mr. Griffin incorporates by reference and realleges the allegations contained in Paragraphs Twenty-four (24) through Fifty-nine (59) herein as the basis for his claims for relief under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1986 and false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

-64-

Defendants acted without probable cause in seizing and incarcerating Mr. Griffin for the alleged violation of his probation of a sentence that had expired over a year earlier, in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

-65-

As a direct and proximate result of Defendants' deprivation of Mr. Griffin's constitutional and civil rights under the color of state law, Mr. Griffin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS (\$1,000,000.00)**.

-66-

Defendants' conduct was undertaken in utter disregard of Mr. Griffin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Griffin to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

## COUNT II

## VIOLATION OF EIGHTH AND FOURTEENTH AMENDMENTS

-67-

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through Sixty-six (66) herein through this specific reference.

-68-

Mr. Griffin incorporates by reference and realleges the allegations contained in Paragraphs Twenty-four (24) through Fifty-nine (59) herein as the basis for his claims for relief under the

Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1986 and false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

-69-

Defendants subjected Mr. Griffin to cruel and unusual punishment by seizing and incarcerating Mr. Griffin for the alleged violation of his probation of a sentence that had expired over a year earlier, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

-70-

As a direct and proximate result of Defendants' deprivation of Mr. Griffin's constitutional and civil rights under the color of state law, Mr. Griffin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00).**

-71-

Defendants' conduct was undertaken in utter disregard of Mr. Griffin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Griffin to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

## COUNT III

## VIOLATION OF FOURTEENTH AMENDMENT

### -72-

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through Seventy-one (71) herein through this specific reference.

### -73-

Mr. Griffin incorporates by reference and realleges the allegations contained in Paragraphs Twenty-four (24) through Fifty-nine (59) herein as the basis for his claims for relief under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1986.

### -74-

Defendants conduct violated Mr. Griffin's right to due process by seizing and incarcerating Mr. Griffin for the alleged violation of his probation of a sentence that had expired almost three (3) years earlier, in violation of the Fourteenth Amendments to the United States Constitution.

### -75-

As a direct and proximate result of Defendants' deprivation of Mr. Griffin's constitutional and civil rights under the color of state law, Mr. Griffin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

### -76-

Defendants' conduct was undertaken in utter disregard of Mr. Griffin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the

consequences so as to entitle Mr. Griffin to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

## COUNT IV

## VIOLATION OF 42 U.S.C. § 1983

### -77-

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through Seventy-six (76) herein through this specific reference.

### -78-

Mr. Griffin incorporates by reference and realleges the allegations contained in Paragraphs Twenty-four (24) through Fifty-nine (59) herein as the basis for his claims for relief under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1986 and false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

### -79-

Defendants conduct violated Mr. Griffin's constitutional and civil rights under the color of state law by seizing and incarcerating Mr. Griffin for the alleged violation of his probation of a sentence that had expired over one (1) earlier, in violation of 42 U.S.C. § 1983.

### -80-

As a direct and proximate result of Defendants' deprivation of Mr. Griffin's constitutional and civil rights under the color of state law, Mr. Griffin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and

suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS**
**($1,000,000.00)**.

-81-

Defendants' conduct was undertaken in utter disregard of Mr. Griffin's rights and constituted
an entire want of care which raises the presumption of the conscious indifference to the
consequences so as to entitle Mr. Griffin to recover punitive damages in an amount to be decided
by a jury to deter Defendant from future wrongdoing.

## COUNT V

## VIOLATION OF 42 U.S.C. § 1985

-82-

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through Eighty-two
(82) herein through this specific reference.

-83-

Mr. Griffin incorporates by reference and realleges the allegations contained in Paragraphs
Twenty-four (24) through Fifty-nine (59) herein as the basis for his claims for relief under the
Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§
1983, 1985, and 1986.

-84-

Defendants conduct violated Mr. Griffin's constitutional and civil rights under the color of
state law by the Defendants conspiring to seize and incarcerate Mr. Griffin for the alleged violation
of his probation of a sentence that had expired almost three (3) years earlier, in violation of 42
U.S.C. § 1985.

-85-

As a direct and proximate result of Defendants' deprivation of Mr. Griffin's constitutional and civil rights under the color of state law,   Mr. Griffin  has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-86-

Defendants' conduct was undertaken in utter disregard of Mr. Griffin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Griffin to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

## COUNT VI

## VIOLATION OF 42 U.S.C. § 1986

-87-

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through Eighty-six (86) herein through this specific reference.

-88-

Mr. Griffin incorporates by reference and realleges the allegations contained in Paragraphs Twenty-four  (24) through Fifty-nine (59) herein as the basis for his claims for relief under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1986 and false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

-89-

Defendants conduct violated Mr. Griffin's constitutional and civil rights under the color of state law by the Defendants conspiring to seize and incarcerate Mr. Griffin for the alleged violation of his probation of a sentence that had expired over one year earlier, in violation of 42 U.S.C. § 1985.

-90-

As a direct and proximate result of Defendants' deprivation of Mr. Griffin's constitutional and civil rights under the color of state law, Mr. Griffin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-91-

Defendants' conduct was undertaken in utter disregard of Mr. Griffin's rights andonstituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Griffin to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

### COUNT VII

### FALSE ARREST

-92-

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through Ninety-one (91) herein through this specific reference.

-93-

Mr. Griffin incorporates by reference and realleges the allegations contained in Paragraphs Twenty-four (24) through Fifty-nine (59) herein as the basis for his claims for relief under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1986 and false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

-94-

Glynn County law enforcement authorities took Mr. Griffin to the Glynn County Detention Center where he was confined and later released.

-95-

The affidavit for a probation warrant made by Defendant Sentinel on behalf of itself and Defendant City, as Defendant City's agent was made without probable cause and with malice, personal spite, and ill will on the part of Defendants.

-96-

Further, Defendants and their managers and employees all exhibited a general and total disregard of any and all of Mr. Griffin's rights without regard to the extent of any injury that Mr. Griffin might suffer by their wrongful acts.

-97-

As a result of this affidavit, Defendant City's Municipal Court issued a probation warrant for Mr. Griffin.

-98-

Defendants continued their prosecution of Mr. Griffin by exacting money from him for an alleged probation violation.

-99-

The probation warrant against Mr. Griffin was finally disposed of and successfully terminated in favor of Mr. Griffin.

-100-

As a direct and proximate result of Defendants' deprivation of Mr. Griffin's constitutional and civil rights under the color of state law and deprivation of rights protected by state law, Mr. Griffin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-101-

Defendants' conduct was undertaken in utter disregard of Mr. Griffin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Griffin to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

## COUNT VIII

## MALICIOUS ARREST

-102-

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through One hundred two (102) herein through this specific reference.

-103-

Mr. Griffin incorporates by reference and realleges the allegations contained in Paragraphs Twenty-four (24) through Fifty-nine (59) herein as the basis for his claims for relief under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1986 and false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

-104-

Glynn County law enforcement authorities took Mr. Griffin to the Glynn County Detention Center where he was confined and later released.

-105-

The affidavit for a probation warrant made by Defendant Sentinel on behalf of itself and Defendant City, as Defendant City's agent was made without probable cause and with malice, personal spite, and ill will on the part of Defendants.

-106-

Further, Defendants and their managers and employees all exhibited a general and total disregard of any and all of Mr. Griffin's rights without regard to the extent of any injury that Mr. Griffin might suffer by their wrongful acts.

-107-

As a result of this affidavit, Defendant City's Municipal Court issued a probation warrant for Mr. Griffin.

**-108-**

Defendants did not take Mr. Griffin to a hearing on this matter, releasing him without a hearing for an alleged probation violation.

**-109-**

The probation warrant against Mr. Griffin was finally disposed of and successfully terminated in favor of Mr. Griffin.

**-110-**

As a direct and proximate result of Defendants' deprivation of Mr. Griffin's constitutional and civil rights under the color of state law and deprivation of rights protected by state law, Mr. Griffin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

**-111-**

Defendants' conduct was undertaken in utter disregard of Mr. Griffin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Griffin to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

## COUNT IX

## MALICIOUS PROSECUTION

**-112-**

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through One hundred eleven (111) herein through this specific reference.

-113-

Mr. Griffin incorporates by reference and realleges the allegations contained in Paragraphs Twenty-four (24) through Fifty-nine (59) herein as the basis for his claims for relief under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1986 and false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

-114-

Glynn County law enforcement authorities took Mr. Griffin to the Glynn County Detention Center where he was confined and later released.

-115-

The affidavit for a probation warrant made by Defendant Sentinel on behalf of itself and Defendant City, as Defendant City's agent was made without probable cause and with malice, personal spite, and ill will on the part of Defendants.

-116-

Further, Defendants and their managers and employees all exhibited a general and total disregard of any and all of Mr. Griffin's rights without regard to the extent of any injury that Mr. Griffin might suffer by their wrongful acts.

-117-

As a result of this affidavit, Defendant City's Municipal Court issued a probation warrant for Mr. Griffin.

-118-

Defendants instituted a prosecution of Ms. Davis by making an affidavit that led to the issuing of a probation warrant.

-119-

The probation warrant and probation against Mr. Griffin was finally disposed of and successfully terminated in favor of Mr. Griffin.

-120-

Mr. Griffin had not violated his probation.

-121-

As a direct and proximate result of Defendants' deprivation of Mr. Griffin's constitutional and civil rights under the color of state law and deprivation of rights protected by state law, Mr. Griffin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

-122-

Defendants' conduct was undertaken in utter disregard of Mr. Griffin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Griffin to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

## COUNT TEN

## THE INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### -123-

Mr. Griffin incorporates by reference and realleges Paragraphs One (1) through One hundred twenty-two (122) herein through this specific reference.

### -124-

Mr. Griffin incorporates by reference and realleges the allegations contained in Paragraphs Twenty-four (24) through Fifty-nine (59) herein as the basis for his claims for relief under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§ 1983, 1985, and 1986 and false arrest, malicious arrest, false imprisonment, malicious prosecution, and intentional infliction of mental distress under Georgia law.

### -125-

Glynn County law enforcement authorities took Mr. Griffin to the Glynn County Detention Center where he was confined and later released.

### -126-

The affidavit for a probation warrant made by Defendant Sentinel on behalf of itself and Defendant City, as Defendant City's agent was made without probable cause and with malice, personal spite, and ill will on the part of Defendants.

### -127-

Further, Defendants and their managers and employees all exhibited a general and total disregard of any and all of Mr. Griffin's rights without regard to the extent of any injury that Mr. Griffin might suffer by their wrongful acts.

-128-

The probation warrant against Mr. Griffin was finally disposed of and successfully terminated in favor of Mr. Griffin.

-129-

Defendants acted recklessly in intentionally having Mr. Griffin arrested when they knew that they had no evidence of a probation violation.

-130-

This false allegation was outrageous and extreme in that Defendants knew that they had no evidence of any probation violation and yet persisted in pressing its accusations against Mr. Griffin.

-131-

Mr. Griffin suffered emotional distress from the actions of Defendants including their causing Mr. Griffin's arrest when he had done nothing wrong and Defendants had no evidence of his wrong doing, the transportation to jail, and the subsequent incarceration.

-132-

Defendants' conduct was undertaken in utter disregard of Mr. Griffin's rights and constituted an entire want of care which raises the presumption of the conscious indifference to the consequences so as to entitle Mr. Griffin to recover punitive damages in an amount to be decided by a jury to deter Defendant from future wrongdoing.

-134-

The intentionally inflicted emotional distress to which Defendants subjected Mr. Griffin, caused him to suffer great physical pain, mental anguish, public scandal, infamy, disgrace, and great humiliation.

-135-

As a direct and proximate result of Defendants' deprivation of Mr. Griffin's constitutional and civil rights under the color of state law and deprivation of rights protected by state law, Mr. Griffin has suffered and continues to suffer substantial damages for mental anguish, loss of enjoyment of life, loss of freedom, pain and suffering, and other nonpecuniary losses in an amount not less than **ONE MILLION DOLLARS ($1,000,000.00)**.

## VI. RELIEF REQUESTED

**PAUL L. GRIFFIN,** Plaintiff in the above-styled action, requests the judgment of this Court against Defendants as follows:

1)      Find and hold under Count I that Defendants have, deprived Mr. Griffin of his constitutional and civil rights by seizing and incarcerating Mr. Griffin for the alleged violation of his probation of a sentence that had expired over one (1) year earlier, in violation of the Fourth and Fourteenth Amendments to the United States;

2)      Find and hold under Count II that Defendants have, deprived Mr. Griffin of his constitutional and civil rights by seizing and incarcerating Mr. Griffin for the alleged violation of his probation of a sentence that had expired over one (1) year earlier in violation of the   Eighth and Fourteenth Amendments to the United States Constitution.

3)      Find and hold under Count III that Defendants have, deprived Mr. Griffin of his constitutional and civil rights by seizing and incarcerating Mr. Griffin for the alleged violation of his probation of a sentence that had expired over one (1) year earlier in violation of the  Fourteenth Amendment to the United States Constitution;

4)      Find and hold under Count IV that Defendants have, deprived Mr. Griffin of his

constitutional and civil rights by seizing and incarcerating Mr. Griffin for the alleged

violation of his probation of a sentence that had expired over one (1) year earlier in

violation of 42 U.S.C. § 1983;

5)      Find and hold under Count V that Defendants have, deprived Mr. Griffin of his

constitutional and civil rights by seizing and incarcerating Mr. Griffin for the alleged

violation of his probation of a sentence that had expired over one (1) year earlier in

violation of 42 U.S.C. § 1985;

6)      Find and hold under Count VI that Defendants have, deprived Mr. Griffin of his

constitutional and civil rights by seizing and incarcerating Mr. Griffin for the alleged

violation of his probation of a sentence that had expired over one (1) year earlier in

violation of 42 U.S.C. § 1986;

7)      Find and hold under Count VII that Defendants have, deprived Mr. Griffin of his

right to be free from false arrest rights by seizing and incarcerating Mr. Griffin for

the alleged violation of his probation of a sentence that had expired over one (1) year

earlier;

8)      Find and hold under Count VIII that Defendants have, deprived Mr. Griffin of his

right to be free from malicious arrest rights by seizing and incarcerating Mr. Griffin

for the alleged violation of his probation of a sentence that had expired over one (1)

year earlier;

9)      Find and hold under Count IX that Defendants have, deprived Mr. Griffin of his right

to be free from malicious prosecution by seizing and incarcerating Mr. Griffin for the

Page 28 of 31

alleged violation of his probation of a sentence that had expired over one (1) year earlier;

10) Find and hold under Count VII that Defendants have, deprived Mr. Griffin of his right to be free from the intentional infliction of emotional distress by seizing and incarcerating Mr. Griffin for the alleged violation of his probation of a sentence that had expired over one (1) year earlier;

11) Order that Mr. Griffin be awarded compensatory damages under Count I in the amount of One Million Dollars ($1,000,000.00);

12) Order that Mr. Griffin be awarded punitive damages under Count I in an amount to be determined by the jury;

13) Order that Mr. Griffin be awarded compensatory damages under Count II in the amount of One Million Dollars ($1,000,000.00);

14) Order that Mr. Griffin be awarded punitive damages against any appropriate party under Count II in an amount to be determined by the jury;

15) Order that Mr. Griffin be awarded compensatory damages under Count III in the amount of One Million Dollars ($1,000,000.00);

16) Order that Mr. Griffin be awarded punitive damages against any appropriate party under Count III in an amount to be determined by the jury;

17) Order that Mr. Griffin be awarded compensatory damages under Count IV in the amount of One Million Dollars ($1,000,000.00);

18) Order that Mr. Griffin be awarded punitive damages any appropriate party under Count IV in an amount to be determined by the jury;

19)     Order that Mr. Griffin be awarded compensatory damages under Count V in the amount of One Million Dollars ($1,000,000.00);

20)     Order that Mr. Griffin be awarded punitive damages any appropriate party under Count V in an amount to be determined by the jury;

21)     Order that Mr. Griffin be awarded compensatory damages under Count VI in the amount of One Million Dollars ($1,000,000.00);

22)     Order that Mr. Griffin be awarded punitive damages any appropriate party under Count VI in an amount to be determined by the jury;

23)     Order that Mr. Griffin be awarded compensatory damages under Count VII in the amount of One Million Dollars ($1,000,000.00);

24)     Order that Mr. Griffin be awarded punitive damages against any appropriate party under Count VII in an amount to be determined by the jury;

25)     Order that Mr. Griffin be awarded compensatory damages under Count VIII in the amount of One Million Dollars ($1,000,000.00);

26)     Order that Mr. Griffin be awarded punitive damages any appropriate party under Count VIII in an amount to be determined by the jury;

25)     Order that Mr. Griffin be awarded compensatory damages under Count IX in the amount of One Million Dollars ($1,000,000.00);

26)     Order that Mr. Griffin be awarded punitive damages any appropriate party under Count IX in an amount to be determined by the jury;

27)     Order that Mr. Griffin be awarded compensatory damages under Count X in the amount of One Million Dollars ($1,000,000.00);

Page 30 of 31

26)     Order that Mr. Griffin be awarded punitive damages any appropriate party under

        Count X in an amount to be determined by the jury;

27)     Order that Mr. Griffin be awarded attorney fees, including litigation expenses, and

        the costs of this action under federal law; and

28)     Grant such other and further relief and is just and proper under the circumstances of

        this case.

### PAUL L. GRIFFIN DEMANDS A TRIAL BY JURY

Respectfully submitted.

JAMES A. YANCEY, JR.
Attorney for Paul L. Griffin
State Bar of Georgia No.: 779725
704 G Street
Brunswick, Georgia 31520-6749
(912) 265-8562 (Office)
(912) 265-8564 (Fax)
C GRIFFIN-P2 CVR