# United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| PAUL L. GRIFFIN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| CITY OF BRUNSWICK, GEORGIA, and SENTINEL OFFENDER SERVICES, LLC, | : | |
| Defendants, | : | NO. CV204-146 |

### O R D E R

Plaintiff, Paul L. Griffin, filed the instant action against Defendants, City of Brunswick, Georgia ("Brunswick"), and Sentinel Offenders Services, LLC ("Sentinel"), pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, as well as state law. Presently before the Court are Defendants' motions for summary judgment. For the following reasons, Brunswick's motion will be **GRANTED** and Sentinel's motion will be **GRANTED IN PART** and **DENIED IN PART**.

AO 72A
(Rev. 8/82)

**FACTS**

On January 3, 2001, Griffin pled guilty in Brunswick Municipal Court to driving under the influence ("DUI"), driving on a suspended license, and running a red light, all in violation of state law. He was sentenced to five days incarceration, twelve months probation, fine and court costs, community service, and attendance at DUI school.

Probation services for the Brunswick Municipal Court are administered by Sentinel, pursuant to contract with the city. Griffin was arrested on or about February 26, 2002, pursuant to an arrest warrant for violation of certain conditions of his probation. On March 6, 2002, a hearing was conducted at which Griffin was present and admitted to violating the terms of his probation as alleged in the petition. The Municipal Court Judge revoked 14 days probation, and extended the probation four months, or until August 3, 2002.

On August 1, 2002, an arrest warrant was prepared by the probation officer and signed by the Municipal Court Judge, again alleging that Griffin failed to comply with the terms of his probation. Plaintiff was not arrested until October 29, 2003. On November 5, 2003, a hearing was conducted wherein the probation officer requested that the court revoke the

AO 72A
(Rev. 8/82)

probation. The Municipal Court Judge, however, terminated the probation after Griffin admitted the probation violation and pled extenuating medical circumstances.

On October 20, 2004, Plaintiff filed the instant action, asserting ten counts against Defendants. In Counts I through VI of the complaint, Plaintiff asserts that Defendants violated his Fourth, Eighth, and Fourteenth Amendment rights by "seizing and incarcerating Mr. Griffin for the alleged violation of his probation of a sentence that had expired . . . ." In Counts VII through X of the complaint, Plaintiff asserts that Defendants violated his rights because "[t]he affidavit for a probation warrant made by Defendant Sentinel on behalf of itself and Defendant City, as Defendant City's agent was made without probable cause and with malice, personal spite, and ill will on the part of Defendants." Thus, all of the counts are based on two assertions: (1) The probation officer submitted a false affidavit on August 1, 2002, in support of the warrant for Plaintiff's arrest; and (2) The Municipal Court Judge impermissibly extended Plaintiff's probated sentence on March 6, 2002, beyond the original sentence imposed.

AO 72A
(Rev. 8/82)

**DISCUSSION**

I. **Summary Judgment Standard**

Summary judgment is appropriate when no genuine issues remain and the movant is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56(c). In so doing, all facts and reasonable inferences are to be construed in favor of the non-moving party. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994, 8 L. Ed. 2d 176 (1962); Sweat v. Miller Brewing Co., 708 F.2d 655, 656 (11th Cir. 1983). The party opposed to the summary judgment motion, however, "may not rest upon the mere allegations or denials in its pleadings. Rather, its responses . . . must set forth specific facts showing that there is a genuine issue for trial." Walker v. Darby, 911 F.2d 1573, 1576-77 (11th Cir. 1990).

II. **City of Brunswick**

A. **Respondeat Superior**

A municipality's liability under § 1983 may not be based on the doctrine of respondeat superior. Grech v. Clayton County, Ga., 335 F.3d 1326, 1329 (11th Cir. 2003); City of Canton v. Harris, 489 U.S. 378, 385, 109 S. Ct. 1197, 1203, 103 L.Ed.2d 412 (1989); Monell v. Dep't of Soc. Servs., 436 U.S.

4

658, 691, 98 S. Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Similarly, the theory of respondeat superior will not support liability under §§ 1985 and 1986. See Swint v. City of Wadley, Ala., 5 F.3d 1435, 1451 (11th Cir. 1993), *rev'd on other grounds sub nom.* Swint v. Chambers County Comm'n, 514 U.S. 35, 115 S. Ct. 1203, 131 L.Ed.2d 60 (1995).

A municipality is liable only for acts for which the city is actually responsible. See Marsh v. Butler County, 268 F.3d 1014, 1027 (11th Cir. 2001) (en banc). A municipality is liable when the city's "official policy" causes a constitutional violation. See Monell, 436 U.S. at 694, 98 S. Ct. 2018. A city may also be held liable for "deprivations incurred due to government "custom" even though such custom has not obtained the form of an official policy but a local government body cannot be held liable under a theory of respondeat superior." See Lambert v. McFarland, 612 F. Supp. 1252, 1259 (N.D. Ga. 1984) (citing Monell, 436 U.S. at 691-94, 98 S. Ct. at 2036-37).

In order to recover against Brunswick, Griffin must either identify "an official policy or a widespread practice or custom that, although not authorized by express municipal policy, is so settled and permanent that it takes on the force of law",

or "show that his rights were violated by a single decision by a 'particular official who possesses final authority to establish municipal policy with respect to the action ordered.'" Bunyon v. Burke County, 306 F. Supp.2d 1240, 1250 (S.D. Ga. 2004) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 89 L.Ed.2d 452 (1986)). Plaintiff contends that the contract executed by Brunswick and Sentinel is sufficient evidence of an official policy to impose liability on Brunswick. Plaintiff, however, has failed to demonstrate how execution of a contract authorized under Georgia law was the legal causation of the alleged constitutional violations. Accordingly, the Court concludes that Griffin has neither asserted nor set forth any facts whereby a reasonable jury could find Brunswick liable for a constitutional violation under 42 U.S.C. §§ 1983, 1985, or 1986.

### B. O.C.G.A. § 36-33-1(b)

Brunswick is similarly entitled to summary judgment on Griffin's state law claims. Under Georgia Law, "[m]unicipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers."

AO 72A
(Rev. 8/82)

O.C.G.A. § 36-33-1(b). Griffin has asserted state law claims for false arrest, malicious arrest, malicious prosecution, and intentional infliction of emotional distress, all of which are based on his contention that the underlying arrest warrant was invalid because it was issued after the probated sentence had expired, and based on an affidavit made without probable cause. Issuance of an arrest warrant is a judicial act performed by a judicial officer. See Ormond v. Ball, 120 Ga. 916, 48 S.E. 383 (1904). Thus, Brunswick is immune from liability on Griffin's state law claims.

## III.     Statute of Limitations

Although § 1983 and most related federal civil rights statutes do not contain a specific statute of limitations, the Supreme Court has held that these claims are governed by the state statute of limitations for personal injury actions. Moore v. Liberty Nat'l Life Ins. Co., 267 F.3d 1209, 1216 (11th Cir.), reh'g denied, 29 Fed. Appx. 576 (2001), cert. denied, 535 U.S. 1018, 122 S. Ct. 1608, 152 L.Ed.2d 622 (2002); see also Mullinax v. McElhenney, 817 F.2d 711, (11th Cir. 1987). In Georgia, personal injury actions must be brought within two years. O.C.G.A. § 9-3-33. Section 1986, in contrast, contains

an explicit one year statute of limitations. 42 U.S.C. § 1986. Plaintiff filed his original complaint on October 20, 2004. Thus, any claims brought pursuant to §§ 1983 and 1985 that accrued prior to October 20, 2002, and any claims brought pursuant to § 1986 that accrued prior to October 20, 2003, are time barred.

A cause of action under these sections will not accrue, thereby setting the limitations clock running, until the plaintiffs know or should know: (1) that they have suffered the injury that forms the basis of their complaint; and (2) who has inflicted the injury. Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003), cert. denied, 540 U.S. 1219, 124 S. Ct. 1508, 158 L.Ed.2d 154 (2004) (citing Mullinax, 817 F.2d at 716); see Calhoun v. Ala. Alcoholic Beverage Control Bd., 705 F.2d 422, 425 (11th Cir. 1983).

The Court concludes that the statute of limitations on Plaintiff's federal claims began to run on March 6, 2002. In Counts I through VI, Plaintiff bases his claims on his assertion that the Municipal Court Judge's March 6, 2002, Order impermissibly extended his probated sentence to August 3, 2002, four months beyond the original twelve month sentence imposed. It is undisputed that Griffin was present at the March 6, 2002,

AO 72A
(Rev. 8/82)

hearing and given the opportunity to be heard. Thus, he had notice at that time that his probated sentence was extended to August 3, 2002. This conclusion is supported by the fact that Griffin continued to report to his probation officer until June 11, 2002, well after the original April 2, 2002, probation expiration date. Thus, because the statute of limitations began to run March 6, 2002, the date the sentence was extended, Plaintiff's federal claims, filed more than two years later on October 20, 2004, are time barred.

The Court concludes that the statute of limitations on Plaintiff's state law claims, however, did not begin to run until the arrest warrant was executed on October 29, 2003. In Counts VII through X, Plaintiff bases his claims on his assertion that Defendant, Sentinel, provided a false affidavit on August 1, 2002, in support of the arrest warrant. Although the affidavit at issue was submitted on August 1, 2002, Griffin was not provided notice of the warrant and the underlying alleged violations until, at the earliest, his arrest on October 29, 2003. Thus, because the statute of limitations did not begin to run until October 29, 2003, Plaintiff's state law claims, filed on October 20, 2004, are not time barred.

## IV. Judicial Immunity

Sentinel argues that it enjoys judicial immunity because its employees are officers of the court. Judges are immune from liability in civil actions for acts performed in their judicial capacity. Earl v. Mills, 275 Ga. 503, 504, 570 S.E.2d 282, 283 (2002). Although judicial immunity may extend to other public officials acting within their jurisdiction, in good faith, and while performing judicial functions, absolute judicial immunity does not extend to every officer of the judicial system. See Paulding County v. Scoggins, 97 Ga. 253, 23 S.E. 845 (1895) (extending judicial immunity to ordinaries); see also Calhoun v. Little, 106 Ga. 336, 32 S.E. 86 (1898) (judicial immunity extended to recorder's court judge); see also Hill v. Bartlett, 126 Ga. App. 833, 192 S.E.2d 427 (1972) (police court recorder); Neal v. McCall, 134 Ga. App. 680, 215 S.E.2d 537 (1975) (Board of Pardons and Paroles).

The factors which determine whether an act is judicial "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Scott v. Dixon, 720 F.2d 1542, 1547 (11th Cir. 1983), reh'g denied, 729 F.2d 1468, cert.

10

denied, 469 U.S. 832, 105 S. Ct. 122, 83 L.Ed.2d 64 (1984) (applying Georgia law and quoting Stump v. Sparkman, 435 U.S. 349, 362, 98 S. Ct. 1099, 1107, 55 L.Ed.2d 331 (1978)). Applying these factors to the instant case, it would appear that Sentinel was not performing a judicial act. Submission of an affidavit in support of an arrest warrant is not a function normally performed by a judge. Therefore, Sentinel is not entitled to judicial immunity.

## V.  Sentinel's Remaining Arguments

Sentinel's remaining arguments in support of its summary judgment motion are based on two facts: (1) Griffin violated the terms of his probation; and (2) the probated sentence was terminated for medical reasons. Griffin, however, has submitted an affidavit specifically disputing these facts. Thus, reviewing this evidence in the light most favorable to Plaintiff, the Court concludes that genuine issues of fact preclude summary judgment.

## CONCLUSION

The Court has read and considered the positions of all parties to this action. For the reasons set forth above,

Brunswick's summary judgment motion (Doc. No. 21) is **GRANTED**. Sentinel's summary judgment motion (Doc. No. 19) is **GRANTED IN PART and DENIED IN PART**.  Sentinel's motion seeking summary judgment of Plaintiff's federal claims is **GRANTED**.  Sentinel's motion seeking summary judgment of Plaintiff's state law claims is **DENIED**.

    **SO ORDERED**, this \_\_\_30th\_\_\_ day of November, 2005.

 

                                   _/s/ Anthony A. Alaimo_
                                    JUDGE, UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)